ALBANY,<br>Nov. 1834.<br><br>Ex parte<br>Haley<br>v.<br>Supervisors of<br>Ulster.

Motion denied.

---

### Ex parte HALEY vs. THE SUPERVISORS OF ULSTER.

A *constable*, who serves a *subpœna* issued by a district attorney, and containing the names of several individuals as witnesses, is entitled to *mileage* from the court house of the county to the residence of *each witness ;* i. e. the *subpœna* is to be deemed a separate writ for each individual named in it ; and a board of supervisors must accordingly credit and allow his accounts.

THE relator presented an account to the board of supervisors of the county of Ulster, to be audited and allowed, for services rendered by him as a *constable* in subpœnaing witnesses, on process issued by the *district attorney* of the county, in which the names of *several individuals* were included in one and the same subpœna. The relator charged in his account $12\frac{1}{2}$ cents for subpœnaing each witness, and $12\frac{1}{2}$ cents *mileage* for serving subpœna on *each* witness residing within one mile of the court house, and $6\frac{1}{4}$ cents for every additional mile going. The supervisors were of opinion that the relator was only entitled to mileage from the court house to the residence of the first and nearest witness served with the subpœna, and then from the residence of that witness to the next, and so on in succession. The relator insisted that he was entitled to mileage from the court house to the residence of each witness, that is, that the *subpœna* is to be considered as a separate writ for each individual named in it. The supervisors refusing to allow the account of the relator, upon the principle upon which it was based, a *case* was agreed upon between the supervisors and the relator, to be submitted to this court as upon an application for a *mandamus* on the part of the relator. The question was argued by

November 20.

ALBANY,
Nov. 1834.

Ex parte
Haley
v.
Supervisors of
Ulster.

*H. M. Romeyn,* for the relator.

*N. Sickles,* for the supervisors.

*By the Court,* SUTHERLAND, J.   The principle upon which the relator insisted before the supervisors, and now here, is undoubtedly the general principle upon which fees are charged in analogous cases.   Where a *capias* is issued against several individuals, it is believed to be the universal practice for the sheriff to charge full mileage from the court house to the residence of each defendant, and the propriety of the charge, so far as I am informed, has never been questioned.   The provision, that mileage shall be allowed only on the distance actually and necessarily travelled, 2 R. S. 750, § 4, was not intended, I apprehend, to apply to a case like this.   If the subpœna is to be considered a separate writ for each witness named in it, then the distance travelled to each must be determined without any reference to the others.   It is in the power of the district attorney to issue a subpœna for each witness, and he may include several in the same writ; upon the principle contended for by the supervisors, the district attorney therefore may, at his pleasure, enlarge or restrict the compensation of the constable, in cases where the services actually performed by him are precisely the same.   The right of constables ought to be more certain and fixed.   The limitation in the act may well be satisfied, by allowing the constable to charge for travel only by the nearest and most direct road to each witness.   I think the act will admit of this construction; and the compensation which it will give to these officers for this branch of their services, is by no means unreasonable or extravagant.

The principle which I have stated, will enable the parties to dispose of this case according to their stipulation or agreement.